HOLT *et al.* v. COLTON.

AGENCY—SALE OF LAND—INTEREST ADVERSE TO PRINCIPAL.

> Gray was defendant's agent to procure from plaintiffs a deed for certain lands. Plaintiffs executed the deed and placed it in the hands of Gray for delivery, it being agreed between them that Gray should have the right to demand from his principal as a condition precedent to such delivery, that the principal should procure a deed to the said Gray for certain other lands. The deed from plaintiffs having been delivered to defendant without the performance of such condition precedent, *held*, that the title passed, as it was incompetent for the agent to make any agreement securing a benefit for himself adverse to his employers' interests.

Filed February 20, 1885.

The facts are stated in the opinion.

Appeal from the district court of Cass county.

*I. J. Rogers, C. E. Flandrow,* and *W. H. Sanborn,* for respondent.

*Wilson & Ball and Thomas & Benton,* for appellants.

HUDSON, J. This action was brought upon the equity side of the court to cancel the record of a deed from the plaintiffs to the defendant of certain lands in Ransom county, and to quiet the titles. An action at law was also commenced by the same plaintiff to recover possession of the same land, both actions depending upon the same facts, and it was agreed that the decision in one would dispose of both. The case was tried by the court. Many of the questions of fact were settled by the findings, and need not be alluded to here, except so far as may be necessary to present the one principal question of law involved in the case. The substance of the claim made by the plaintiff is that the deed of the said land was never delivered; that possession of it was obtained by fraud and intimidations. This claim was determined adversely to the plaintiff by the findings of fact. Aside from that question, it is claimed that one Gray, who was constituted the agent of the defendant to procure the deed for him, was not authorized to deliver it to the defendant, because it was executed and placed in the hands of Gray, by the plaintiffs, to be delivered to defendant only upon certain conditions; but, as appears by

the testimony, were conditions imposed by the plaintiffs and assented to by Gray; conditions in which Gray was interested directly, adversely to the interests of his principal.

It seems to have been agreed between the plaintiffs and Gray, the agent of Colton, that he (Gray) should not de· liver the deed to Colton unless he would accept this deed for 79 acres instead of 80 acres, which was agreed to be given; and further, unless he (Colton) should perform an obligation he was under to Gray, to procure for him a deed of a certain piece of land of M. A. Kindred. This was a condition entirely in the interest of and for the benefit of Gray, the agent of the defendant, and in violation of his duty as agent. It was incompetent for him to enter into any agreement with the plaintiff, of this character, by which he should become their agent, and by which he was to secure any benefit, and by which he should antagonize the interest of his principal. His duty was to procure this deed upon the payment of the sum of money agreed upon between Colton and the plaintiff. The condition that Colton was to accept this deed as a settlement of all their difficulty has been complied with, and is out of the question. He did so accept it. Therefore, the deed could not be withheld for the fulfillment of the condition, which was for the benefit of the agent; and, as it was delivered without conditions being performed, it was good. Civil Code, §§ 608, 609.

The title passed, and cannot now be disturbed upon the ground and for the reason set up in the plaintiff's complaint. The counsel for the plaintiffs have cited the case of Cincinnati, W. & Z. R. Co. v. Iliff, 13 Ohio St. 235, to maintain the position that it is competent for the grantor, in a case like this, to make the agent of the grantee his own agent, for the purpose of holding a deed as an escrow, and returning it to him in case of the non-performance of the stipulated conditions. But there is a marked distinction between that case and the case at bar. In that case, the conditions were entirely in the interest of the grantor; in this, it was a condition in the interest of the agent, and was imposed by collusion between the plaintiff and the agent. The agent in that case did not attempt to subserve

his own interest, and it was held that he might become the agent of the grantor, to hold the deed as an escrow for the performance of the condition. In that case, it is distinctly stated that when an acceptance of an agency from both, involves no violation of duty to either, it is competent; but in this case it was a clear violation of duty on the part of Gray to his principal. Under no law that has been brought to the attention of the court can the position of the plaintiffs counsel be maintained.

The judgment of the court below is affirmed. All the judges concur.